**IT IS ORDERED as set forth below:**



Date: November 21, 2023

_____
Susan D. Barrett
United States Bankruptcy Judge
Southern District of Georgia

_____

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE

SOUTHERN DISTRICT OF GEORGIA
Augusta Division

| | |
|---|---|
| IN RE: ) | |
| ) | Involuntary Case No. 23-10764 |
| GREEN MEADOWS GOLF CLUB, INC. ) | |
| Alleged Debtor. ) | |
| ) | |

**OPINION AND ORDER**

    Chris G. Nicholson ("Nicholson"),[1] acting pro se, filed an Involuntary Petition against Green Meadows Golf Club, Inc. ("Green Meadows"). Dckt. No. 1. In response, Green Meadows filed a Motion to Dismiss contending Nicholson's petition fails to meet the numerosity provisions of 11 U.S.C. §303. Dckt. No. 6. After notice and hearing, and for the reasons set forth below, the Motion to Dismiss is granted.

---

[1] Nicholson is an attorney.

1

At the hearing, Green Meadows established, and Nicholson acknowledged, that Green Meadows has 12 or more qualifying creditors. See also Dckt. Nos. 10 and 11. Section 303(b) of the Bankruptcy Code provides:

> (b) An involuntary case against a person is commenced by the filing with the bankruptcy court of a petition under chapter 7 or 11 of this title—
>
> (1) by three or more entities, each of which is either a holder of a claim against such person that is not contingent as to liability or the subject of a bona fide dispute as to liability or amount, or an indenture trustee representing such a holder, if such noncontingent, undisputed claims aggregate at least $18,600 more than the value of any lien on property of the debtor securing such claims held by the holders of such claims;
>
> (2) if there are fewer than 12 such holders, excluding any employee or insider of such person and any transferee of a transfer that is voidable under section 544, 545, 547, 548, 549, or 724(a) of this title, by one or more of such holders that hold in the aggregate at least $18,600 of such claims . . . .

11 U.S.C. §303(b)(1)-(2). Notwithstanding the fact that Green Meadows has more than 12 such creditors, Nicholson filed the involuntary petition alone, without any other petitioning creditors and therefore the petition fails to satisfy the statutory requirements of §303(b). An involuntary bankruptcy petition is a powerful weapon and the Bankruptcy Code and Rules set forth numerous statutory requirements to curtail its misuse, including requiring three petitioning creditors where the alleged debtor has twelve or more qualifying creditors. Id.; In re Skye Marketing Corp., 11 B.R. 891, 897 (Bankr. E.D.N.Y. 1981); 2 Collier on Bankruptcy P. (16th ed. 2023), ¶303.14[1]. For Nicholson's failure to meet the statutory requirements of 11 U.S.C. §303(b), the Motion to Dismiss is ORDERED GRANTED and the Involuntary Petition is ORDERED DISMISSED.

**[END OF DOCUMENT]**